IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2213-FL

| | |
|---|---|
| HERMAN S. DAWSON, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| EDDIE M. BUFFALOE, JR.,[1] | ) |
| Respondent. | ) |

This matter is before the court on respondent's motion to dismiss (DE 16). Petitioner filed two responses in opposition to the motion to dismiss, and in this posture, the issues raised are ripe for ruling. For the following reasons, respondent's motion to dismiss is granted.

## BACKGROUND

On March 19, 2019, petitioner pleaded guilty to the North Carolina criminal offenses of statutory sex offense with a child under the age of 15, indecent liberties with a child, second-degree sexual exploitation of a minor, secret peeping, and contributing to the delinquency of a minor. (Pet. (DE 1) at 1; J. & Commitment (DE 17-2)).[2] That same day, the state court sentenced him to a term of 180 to 276 months' imprisonment. (Pet. (DE 1) at 1; J. & Commitment (DE 17-2) at

---

[1]  Petitioner named State of North Carolina as respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent represents that Eddie M. Buffaloe, Jr., the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Resp't Mem. (DE 17) at 1). The court has constructively amended the case caption to reflect the correct respondent in this action and will direct the clerk to amend the caption on the docket.

[2]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

2). Petitioner did not appeal his conviction or sentence. (Pet. (DE 1) at 2; Pet'r Second Resp. (DE 20) at 1).

Petitioner signed the instant federal habeas petition on September 23, 2021. (Pet. (DE 1) at 15). Petitioner alleges the following claims for relief: 1) evidence was seized from him in violation of the Fourth Amendment of the United States Constitution; 2) trial counsel was ineffective by failing to adequately investigate the circumstances surrounding his state offenses and failing to effectively argue his motion to suppress evidence; 3) if the illegally obtained evidence had been excluded, there was insufficient evidence to support his convictions; and 4) he was forced to plead guilty. (Pet'r Mem. (DE 1-1) at 24–45). On September 28, 2021, petitioner filed a motion for appropriate relief ("MAR") in state court. (Pet'r First Resp. (DE 19) at 2; see also Pet. (DE 1) at 3).

On December 28, 2022, respondent filed the instant motion to dismiss arguing the petition was barred as untimely. On January 20, 2023, petitioner filed his first response in opposition arguing the statute of limitations should be tolled because the COVID-19 pandemic impeded his ability to timely file the instant petition. On January 26, 2023, petitioner filed his second response in opposition reiterating the filing impediments the pandemic created, and arguing he acted diligently in filing the instant petition.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if

2

the petition contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In a federal habeas action, the court may consider a statute of limitations defense raised by respondent in a Rule 12(b)(6) motion if the petitioner has been afforded an opportunity to demonstrate the petition is timely. See Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002).

B.   Analysis

   1.   Exhaustion

Although not addressed by respondent, it is apparent from the pleadings that petitioner has failed to exhaust his state remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, an inmate must fairly present his claims to the state court. A fair presentation to the state court means that the inmate must give the state court one full opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A North Carolina state prisoner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing an MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422. A habeas petitioner has the burden of proving that he has exhausted applicable state remedies. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

3

Petitioner acknowledges he did not appeal his conviction or sentence, and had not filed "petitions, applications, or motions concerning [his] judgment of conviction in any state court" prior to filing the instant federal habeas petition. (Pet. (DE 1) at 2–5; see also Pet'r First Resp. (DE 19) at 2) (noting MAR was filed September 28, 2021)). Accordingly, petitioner did not exhaust his remedies in state court before filing the instant petition as required.

2. Statute of Limitations

The court next addresses respondent's argument that petitioner's claims are untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction or

other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final, at the latest, on April 2, 2019, the deadline for filing his notice of appeal. See N.C. R. App. P. 4(a); Gonzalez v. Thaler, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). Petitioner filed the instant § 2254 petition on September 28, 2021, well outside the one-year limitation period's expiry date of April 2, 2020. Moreover, petitioner's first MAR was filed September 28, 2021, three days after he signed the instant petition. (Pet. (DE 1) at 15; Pet'r First Resp. (DE 19) at 2). Accordingly, the MAR did not toll the one-year limitation period because the statute of limitations expired before petitioner filed any state post-conviction motions. See 28 U.S.C. § 2244(d)(2); Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Further, petitioner would have been aware of the factual predicate of his claims or could have discovered them through the exercise of due diligence by his sentencing on March 19, 2019, at the latest.[3] See 28 U.S.C. § 2244(d)(1)(D). This is evidenced by petitioner's review of the facts supporting his arguments. (See Pet'r. Mem. (DE 1-1) at 24–45); see also Greene v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (concluding subsection (d)(1)(D) did not apply to trigger later

---

[3] In his second response in opposition, petitioner notes his attorney failed to file an appeal as directed, and petitioner was unaware an appeal had not been filed before the state court informed him in April 2021. (Pet'r Second Resp. (DE 20) at 1). However, such a claim was not alleged in the petition, and thus, is not considered by the court.

5

commencement of the statute of limitations where the claim was available to petitioner in public records during the earlier period).

Turning to subsection (d)(1)(B), petitioner asserts transfers and lockdowns hindered his ability to make phone calls, and "the COVID-19 pandemic created an impediment to his ability to access the prison law library, to research any claim for relief, to access the prison mailroom or to prepare to file his habeas petition." (Pet'r First Resp. (DE 19) at 4–5; Pet'r Second Resp. (DE 20) at 5–6). North Carolina provides inmates with legal assistance through a contract with North Carolina Prisoner Legal Services, Inc. ("NCPLS"). See Wrenn v. Freeman, 894 F. Supp. 244, 247–49 (E.D.N.C. 1995). Petitioner acknowledges he was in fact in contact with NCPLS and had multiple communications, including by mail, with NCPLS starting in November 2019. (Pet'r Second Resp. (DE 20) at 7–8). He also notes he sent and received mail consistently between July 2019 and April 2021. (Id. at 6–8). Petitioner has not alleged the date on which these impediments were removed. Green, 515 F.3d at 305 (requiring petitioner to allege when the impediment was removed in order to establish alternative limitation period under § 2244(d)(1)(B)).

As stated, petitioner argues he is entitled to equitable tolling of the statute of limitations due to impediments, such as transfers, lockdowns, and restrictions related to the COVID-19 pandemic. (Pet'r First Resp. (DE 19) at 2-5; Pet'r Second Resp. (DE 20) at 5–6). Equitable tolling applies to AEDPA's one-year statute of limitations only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); see also Green, 515 F.3d at 304. Equitable tolling of the § 2244(d) statute of limitations is limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be

6

unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304; see also Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, petitioner is not entitled to equitable tolling on the basis of his assertions that he was impeded from timely filing due to transfers, lockdowns, and COVID-19 restrictions. (See Pet'r First Resp. (DE 19) at 4–5; Pet'r Second Resp. (DE 20) at 5–6). "Prison transfers, lockdowns, restricted access to a law library, and the inability to obtain court documents are 'difficulties inherent in prison life' that courts have declined to characterize as 'extraordinary circumstances.'" Ray v. United States, Nos. 7:15-CR-46-FL-3, 7:21-CV-255-FL, 2023 WL 3400577, at *4 (E.D.N.C. Apr. 6, 2023) (quoting Hockaday v. United States, No. 4:11-CR-85-H, 2015 WL 7429995, at *2 (E.D.N.C. Nov. 20, 2015)). And under the circumstances of this case, for the reasons set forth above, the argument that petitioner had restricted access to a law library and research does not establish a state-created impediment to timely filing. Finally, petitioner's conclusory and vague allegations that the asserted restrictions were "a severe hindrance" or "impeded his ability . . . to prepare to file his habeas petition" do not warrant equitable tolling where he fails to indicate with specificity how the restrictions hindered his ability to timely file the instant petition. See Harris, 209 F.3d at 331.

C.  Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2). After reviewing

7

the claims presented in light of the applicable standard, the court determines a certificate of appealability is not warranted. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 16) is GRANTED, and petitioner's claims are dismissed without prejudice. A certificate of appealability is DENIED. The clerk is DIRECTED to amend the docket as provided in footnote one and to close this case.

SO ORDERED, this the 27th day of September, 2023.

LOUISE W. FLANAGAN
United States District Judge